IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

### AT NOVEMBER TERM, 1833.

---

### ISABELLA S. MARTIN vs. JOSHUA MARTIN.

In the case of a judgment by default in an action of dower, the demandant, if she seeks to recover damages under the statute, must suggest upon the record, that the husband died seized, or that she had demanded her dower; and thereupon a writ of inquiry will be awarded to inquire as to the truth of such suggestion. If the jury find that the husband died seized, they must find also the time when he so died, of what estate, the annual value of the land, and damages, with costs. But if the husband did not die seized, then no damages nor costs, but only the value of the land.

It has been, and perhaps is still a question in this state, whether the word ' damages,' in the third section of the act relative to dower, *Rev. Laws* 397, includes the value or mesne profits; or whether damages for the detention is to be recovered over and above the value.

The demandant in dower, is entitled to costs, when by verdict or otherwise, she recovers damages. The writs of seizin and of inquiry, are generally blended or united in the same writ.

---

This was an action of dower in which judgment by default had been entered for the demandant. A writ of inquiry, in the

Martin *v.* Martin.

following words, was issued. " New Jersey, ss : The State of New Jersey, to our sheriff of our county of Middlesex, greeting :—Whereas, Isabella S. Martin, lately in our Supreme Court of Judicature, at Trenton, impleaded Joshua Martin, in custody of the sheriff of our said county, in a plea of dower, *unde nihil habet.* For that, whereas the said Isabella S. Martin, widow, who was the wife of Moses Martin, deceased, by James S. Nevius, her attorney, demands of Joshua Martin, the one third of one stable, one barn, one house, one orchard, one garden, one messuage, one hundred acres of arable land, one hundred acres of pasture land, one . hundred acres of meadow land and one hundred acres of wood land, with the appurtenances, situate, lying and being in the township of Piscataway, in the county of Middlesex, as the dower of the said Isabella S. Martin, of the endowment of the said Moses Martin, deceased, heretofore her husband, whereof she hath nothing, and such proceedings were thereon had in our said court, that the said Isabella S. Martin ought to recover her damages by means of the premises ; but because it is unknown to our said court what damages the said Isabella S. Martin hath sustained by means of the premises, therefore, we command you, that by the oath of twelve good and lawful men of your county, you diligently inquire what damages the said Isabella S. Martin hath sustained, as well by means of the premises aforesaid, as for her costs and charges by her about her suit in that behalf expended, and make appear to us at Trenton, the second Tuesday of May next, the inquisition, which you shall thereupon take under your seal and the seals of those by whose oath you shall take that inquisition, and have you then there this writ. Witness," &c.

The sheriff made return to this writ, annexing thereto an inquisition under his hand and seal, and the hands and seals of the jurors, finding " that the said premises with the appurtenances, in the said writ specified, are of the clear yearly value in all issues beyond reprises, of forty-eight dollars, and that two years are elapsed from the death of the said Moses Martin, until the suing out of said inquisition, and that the said Isabella S. Martin, has sustained damages by reason of the detaining of the said dower, including the value aforesaid, and over and above her costs and charges by her about her suit in this behalf ex-

pended, to thirty-two dollars, and for those charges and costs, to six cents."

The defendant applied for and obtained a rule to shew cause, why the inquisition should not be set aside.

*C. L. Hardenburgh*, in support of the rule, contended, that this writ of inquiry ought to be quashed.

1. Because, where the husband did *not* die seized, no writ of inquiry of damages can issue. In this case, the husband did not die seized, but the tenant held under a sheriff's deed.

Damages are given by the *statute of Merton*, but are only given, where the husband dies seized. 2 *Bac. abr.* 392.

2. This writ of inquiry is irregular upon the face of it. It is *general*, viz.: To assess the damages without any reference to the value of the land beyond reprises, and without any reference to the death of the husband.

It may be said, this is a judgment by default. This however, cannot alter the seizin, or rights of the widow. She must recover her dower as she is entitled to it. If the husband did *not* die seized, the judgment by default, cannot alter it. If the writ of inquiry of *damages* may issue at all in such a case, it must, at all events, contain a command to inquire of the death of the husband, and if he died seized. It must appear somewhere, whether the husband died seized or not. See *Precedents*, 1 *Lilly's Entries*, 190; *Went. Pleadings*, 10 *vol.* 162, *tit. Dower.*

3. The writ of inquisition is to inquire of damages generally, but the jury have found first the annual value of the land, and then the damages from the death of the husband.

The jury are not ordered to inquire of the annual value, or of the death of the husband.

4. The jury ought to have been commanded to find the annual value at the *time* of the *death* of the husband. This, however, is not in the writ, and yet the jury have found generally, the annual value beyond reprises.

Great improvements may have been made, and were made, on the land, but the widow is only entitled to the value at the time of the death of the husband. 2 *John. Rep.* 485.

5. The proceedings ought to be set aside, because the writ

not only is defective, but the finding of the jury is wholly wrong, finding the general value and damages without reference either to the husband dying seized, or to any *demand* of dower. What then, was the measure of damages, and at what time should they commence?

*Nevius*, contra, insisted, that the defendant suffering a judgment to pass against him by default, has admitted the plaintiff's right to recover damages for the detention of her dower.

Upon the death of the husband, whether he died seized or not, she was entitled to dower; and if the defendant would excuse himself from damages, he should plead *tout temps prist;* and unless he so plead, he shall not take advantage of the widow's laches, in not demanding her dower. 6 *John. Rep.* 296; 2 *Sellon*, 210.

If a demand was essentially necessary in this case, yet the jury have not found that no demand was made; and in such case, the defendant, to avail himself of such omission, must shew, that the inquisition denies that any such demand was made.

The opinion of the court was delivered by

HORNBLOWER, C. J. By the statute of Merton, damages were recoverable only, in respect of lands, whereof the husband died seized. 2 *Bac. abr. tit. Dower,* (1.); *Gwil. ed. fol.* 392, 393; 2 *Saund.* 45, in *note* 4; *Dennis* v. *Dennis,* 2 *Saund.* 331; 2 *Sell. Pract.* 209, 210; and to these authorities may be added two decisions of this court. *Fisher* v. *Morgan, Coxe's Rep.* 125; and *Sheppard* v. *Wardell, Coxe's Rep.* 452; and the authorities referred to by the court in the first of these cases. If, therefore, the jury did not find that the husband died seized, judgment, at least for the damages, would be reversed; and in case of a judgment by default, the demandant, if she seeks to recover damages under the statute, must suggest upon the record, that the husband died seized; and thereupon a writ of inquiry will be awarded. If the jury find that the husband died seized, they must find also, the time when he so died, of what estate, the annual value of the land, and damages with costs. But if the husband did not die seized, then no damages nor costs, but only the value of the land; for the statute of Merton gives no

damages in such case; and the statute of Gloucester gives costs only, where the plaintiff recovers damages. These positions will be found to be sustained by the cases I have already cited.

I am not aware of any difference in this respect, between our act relative to dower, *Rev. Laws* 397, *sec.* 3, and the statute of Merton, except, that by the latter, damages are given *only* in case the husband died seized; whereas, by our act, damages are given, "from the time of demanding dower," if the husband did not die seized. There is, it is true, some difference in the language of the two statutes on the subject of damages. The statute of Merton, as quoted by Sergeant Williams, in 2 *Saund.* 45, *note* 4, is in these words: "That if a widow shall recover her dower of the lands, *whereof her husband died seized*, the tenant shall yield damages, that is to say, the value of the dower, from the time of the death of her husband, until the day she shall have judgment to recover seizin." The act of this state relative to dower, enacts, "that if the widow be deforced of her dower, &c. then she may sue for and recover the same," that is, her dower, "with damages; that is to say, the value of the whole dower to her belonging, from the time of, &c." The language of the two statutes, appears to me, to be substantially the same; and in each of them, the "damages" spoken of, seem to be explained by the words, "that is to say," to mean, "the value of the dower"—In other words, that the "damages" and "the value of the dower," in both statutes, mean the same thing. Yet it has been a question, and perhaps still is, at least in this state, whether the word "damages," includes, the value or mesne profits; or whether damages for the detention, is to be recovered, over and above the value. Chief Justice Kinsey, in *Fisher* v. *Morgan, Coxe's Rep.* 125, says, "upon this subject the books seem irreconcileable." The question was debated in that case, and examined by the court, but without coming to any decision on the point. The cases and entries, on the one side and the other, are there cited by the chief justice, and may be examined by the student.

In *Trials per pais*, 333, the jury are directed, if they find the husband died seized, then to enquire: first, the value beyond reprises : second, what time has elapsed since the death of the husband, and thirdly, what damages the demandant has sustain-

Martin *v.* Martin.

ed by the detention of the dower.   In the forms given us by
Sergeant Williams, 2 *Saund. note* 4, in the writ of enquiry, the
jury are commanded to make the same inquiries ; and in the in-
quisition, the damages are assessed separate from, and over and
above the value.  And in the case of *Young* v. *McPherson,* 2 *Pen.
Rep.* 896, this court evidently considered the damages as a dis-
tinct thing from the annual value.  Such may then be considered
the rule in this state ; as to costs, we have no statute giving it
in terms to a demandant in dower; but the act concerning costs,
*Rev. Laws,* 168, gives costs to every plaintiff and demandant,
in every action wherein such plaintiff or demandant, by verdict
or otherwise, recovers damages.  If, therefore, the demandant
in this case, is not entitled to damages, she cannot have costs ;
and whether she is entitled to damages or not, must depend upon
the facts in the case, to be found by the jury, if upon the trial of
an issue, or upon an inquest, if judgment is by default.

The judgment in this case, was entered by default.   If the
demandant intended to seek for damages, she ought to have sug-
gested on the record, either that her husband died seized, or
that she had demanded her dower  and the writ of inquiry
ought to have commanded the sheriff to inquire as to the truth
of such suggestion, and in other respects have been conformed
to the precedents in the books. 2 *Saund.* 45, *note* 4; 10 *Went-
worth, pl.* 240, and other entries.   Instead of this, the writ,
after shortly reciting the count in dower, and that such proceed-
ings have been had thereon, that the demandant ought to recover
her damages, commands the sheriff, that by the oath, &c. he
should inquire what damages she hath sustained, &c.   The
writ is certainly defective, and the inquisition taken thereon, is
equally so.   The jury have not informed the court, whether the
husband died seized, or of what estate, or when he so died ; but
only that the yearly value of the premises beyond reprisals, is
forty-eight dollars, and that two years have elapsed since the
death of the husband, and they then assess the demandant's
damages, " *including* " the value aforesaid, at so much, instead
of assessing the damages for the detention, *over and, above,* or
beyond the value.  In *Young* v. *McPherson,* 2 *Pen. Rep.* 896,
this court granted a new trial, chiefly on the ground, that the
jury had blended the damages with the value.

Bell *v.* Overseers of Bergen.

It is impossible for the court intelligently to give any judgment on such an inquisition. We cannot give judgment against the defendant for damages, from the death of the husband, without knowing whether he died seized, nor for any other damages, without knowing how much and from what period they were estimated. By the statute, damages are to be recovered by the demandant, "unto the day, that she shall recover seizin by the judgment of the court." And therefore, the writs of seizin and of inquiry, are generally blended or united in the same writ—when that is done, damages are properly assessed up to the suing out of the inquisition, as in this case. But this is a separate writ of inquiry, and may have been issued long after a writ of seizin had been sued out. If such was the fact, the inquisition is bad on that account; because the demandant ought not to have damages for any longer period than she was kept out of possession.

I am of opinion that the writ of inquiry and the inquisition taken thereon, should be set aside.

Inquisition set aside.

CITED in *Woodruff* v. *Brown*, 2 *Harr.* 264; *Rogers* v. *Potter*, 3 *Vr.* 83.